# In the United States Court of Federal Claims

No. 19-696C

(Filed: July 19, 2019)

**(NOT TO BE PUBLISHED)**

|  |  |
|---|---|
| **ROGER ELLIOTT,** | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| **UNITED STATES,** | ) ) ) |
| Defendant. | ) ) ) |

Roger Elliott, *pro se*, Church Hill, Tennessee.

Joshua A. Mandlebaum, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With him on the briefs were Joseph H. Hunt, Assistant Attorney General, Civil Division, and Robert E. Kirschman, Jr., Director, and Elizabeth M. Hosford, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

LETTOW, Senior Judge.

Plaintiff Roger Elliott has brought suit seeking relief that would order the "end of due[] process violations to protect high level bureaucrats," correct an employment form, and vacate a Fourth Circuit decision entered in 2001. Compl. at 2, ECF No. 1.[1] Mr. Elliott also seeks $1.6 million in compensation. Compl. Ex. 2 at 1 (civil cover sheet). The United States ("the government") has moved to dismiss the complaint pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"). *See* Def.'s Mot. to Dismiss *Pro Se* Compl. ("Def.'s Mot."), ECF No. 5. Mr. Elliott filed a response on July 12, 2019. Pl.'s Resp. to Mot. to Dismiss ("Pl.'s Resp."), ECF No. 6. The government replied on July 17, 2019. Def.'s Reply in Supp. of its Mot. to Dismiss the Compl. (Def.'s Reply"), ECF No. 7.

Because this court lacks subject-matter jurisdiction over the claims, the government's motion to dismiss Mr. Elliott's complaint is GRANTED.

---

[1]Citations to the complaint and its attachments correspond to the page marking as reproduced in the Electronic Case Filing system.

## BACKGROUND

Until 1999, Mr. Elliott was employed by the Federal Deposit Insurance Corporation ("FDIC") as a computer specialist. *See* Compl. Ex. 1 at 7. In 1999, however, Mr. Elliott was fired for the "falsification of official federal government documents" and for "inappropriate or disrespectful conduct." Compl. at 2; Compl. Ex. 1 at 7. Mr. Elliott claims that the motivation behind his firing was for "reporting lax computer[] security," and that the FDIC "fabricated [the] '[t]hreats.'" Compl. at 2.

Following his dismissal, Mr. Elliott sought review by the Merit Systems Protection Board ("MSPB"). *See Elliott v. FDIC*, 306 Fed. Appx. 565, 565-66 (Fed. Cir. 2009) (per curiam) (citing *Elliott v. FDIC*, No. DC-0752-99-0690-I-1 (M.S.P.B. Nov. 19, 1999)); *see also* Def.'s Mot. Ex. 1 at A5. The MSPB sustained the FDIC's termination action and its decision became final on August 18, 2000. *Id.* at 566. Unsatisfied, Mr. Elliott then sought review of the MSPB's decision in the United States District Court for the Eastern District of Virginia. That court dismissed Mr. Elliott's claims, finding that "substantial evidence supported the MSPB's findings that plaintiff had falsified official documents and engaged inappropriate or disrespectful conduct." *Elliott v. FDIC*, 305 F. Supp. 2d 79, 82 (D.D.C. 2004) (citing *Elliott v. FDIC*, No. CA-00-1553-A (E.D. Va. May 11, 2001), *aff'd*, No. 01-1771 (4th Cir. 2001) (per curiam)).[2] As noted, the district court's dismissal was affirmed on appeal. *Id.* Following the appeal, the FDIC amended Mr. Elliott's employment file to reflect the reasons for his termination. *See Elliott*, 306 Fed. Appx. at 566; *see also* Compl. Ex. 1 at 7.

Mr. Elliott then proceeded to file a litany of lawsuits in different federal courts over the next 18 years, striving to have the decision of the MSPB overturned. *See, e.g., Elliott v. FDIC*, 535 U.S. 989 (2002) (denying *certiorari*); *In re Elliott*, 740 Fed. Appx. 291 (4th Cir. 2018) (per curiam); *Elliott v. Chairman of the United States Merit Sys. Prot. Bd.*, 731 Fed. Appx. 241 (4th Cir. 2018) (per curiam); *Elliott v. Chairman of United States Merit Sys. Prot. Bd.*, No. 2:17-CV-47, 2017 WL 6102809 (E.D. Tenn. Dec. 6, 2017) (Mr. Elliott "has [] filed actions in other federal courts, attacking the legitimacy of his termination in various ways – without success."); *Elliott v. Chairman of United States Merit Sys. Prot. Bd.*, No. 2:05-0115, 2006 WL 288161 (M.D. Tenn. Feb. 3, 2006); *Elliott*, 305 F. Supp. 2d 79. None of the lawsuits were successful and Mr. Elliott now tries his hand before this court.

## STANDARDS FOR DECISION

*Rule 12(b)(1) – Lack of Subject-Matter Jurisdiction*

The Tucker Act provides this court with jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). To invoke this court's Tucker Act jurisdiction, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc* in relevant part) (citing *United States v. Mitchell*, 463 U.S.

---

[2]The District Court for the Eastern District of Virginia ruled from the bench in its decision dismissing Mr. Elliott's case. *See* Def.'s Mot. Ex. 1 at A34.

206, 216 (1983); *United States v. Testan*, 424 U.S. 392, 398 (1976)). If a plaintiff fails to do so, this court "should [dismiss] for lack of subject matter jurisdiction." *Jan's Helicopter Serv., Inc. v. Federal Aviation Admin.*, 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting *Greenlee Cty. v. United States*, 487 F.3d 871, 876 (Fed. Cir. 2007)).

A claim in this court is "barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. The six-year statute of limitations specified in Section 2501 is jurisdictional, *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133-36 (2008), and is not susceptible to equitable tolling or any of the other doctrines that would excuse an untimely claim, *id.* at 133-34. "Courts created by statute can have no jurisdiction but such as the statute confers." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818 (1988) (quoting *Sheldon v. Sill*, 49 U.S. (8 How.) 441, 499 (1850)).

Mr. Elliott, as plaintiff, must establish jurisdiction by a preponderance of the evidence. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988)).[3] When ruling on a motion to dismiss for lack of jurisdiction, the court must "accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Id.* (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). "If a court lacks jurisdiction to decide the merits of a case, dismissal is required as a matter of law." *Gray v. United States*, 69 Fed. Cl. 95, 98 (2005) (citing *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868); *Thoen v. United States*, 765 F.2d 1110, 1116 (Fed. Cir. 1985)); *see also* RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## ANALYSIS

The government argues the court lacks subject matter jurisdiction over Mr. Elliott's claims because this court does not have the power "to review the decisions of the MSPB, the Fourth Circuit, or any other [district] court." Def.'s Mot. at 2. The government also contends that the court "lacks jurisdiction to review Mr. Elliott's claim that he was denied due process." *Id.* at 3. In addition, the government avers that Mr. Elliott cannot collaterally challenge his underlying removal from the FDIC, as the "Civil Service Reform Act of 1978 (CSRA) provides the exclusive mechanism for challenging a removal [of a federal employee], which does not include review by this [c]ourt." *Id.* Mr. Elliott, in his response to the government's motion, counters that the court has jurisdiction "under 28 U.S.C. § 1491, to order restoration of position, correction of applicable records, and remand appropriate matters to any official." Pl.'s Resp. at 1.

---

[3] A court may "grant the *pro se* litigant leeway on procedural matters, such as pleading requirements." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) ("An unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims.")). But this leniency cannot extend to lessening jurisdictional requirements. *See Kelley v. Secretary, United States Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("[A] court may not . . . take a liberal view of . . . jurisdictional requirement[s] and set a different rule for *pro se* litigants only.").

3

For this court to exercise jurisdiction over Mr. Elliott's claim, it must do so under the Tucker Act, 28 U.S.C. § 1491(a). Under the Tucker Act, this court can only hear claims against the United States, and only claims for monetary compensation resulting from a breach of contract with the federal government or from federal government violations of constitutional, statutory, or regulatory law, excluding tort cases. 28 U.S.C. § 1491(a). For the following reasons, the court finds it does not have jurisdiction over Mr. Elliott's claims and must dismiss his complaint.

First, this court is powerless to provide the relief that Mr. Elliott seeks. The Court of Federal Claims cannot review the decisions of the MSPB, a federal district court, or a federal circuit court. *See Garcia v. United States*, 629 Fed. App'x 951, 953 (per curiam) ("The Court of Federal Claims . . . does not have jurisdiction to review the judgments of the United States district courts or circuit courts.") (citing *Shinnecock Indian Nation v. United States*, 782 F.3d 1345, 1353 (Fed. Cir. 2015)); *Ferreiro v. United States*, 72 Fed. Cl. 1, 3-4 (2006) ("[U]nder the CSRA, review of a [MSPB] decision . . . rests exclusively before the Federal Circuit.") (citing *Lindahl v. Office of Pers. Mgmt.*, 470 U.S. 768, 798-99 (1985)).

Second, this court cannot hear claims for violations of due process. Mr. Elliott alleges "due[] process violations to protect high-level bureaucrats." Compl. at 2. Although not specified, the court assumes Mr. Elliott is alleging a violation of the Due Process Clause of the Fifth Amendment.[4] This court, however, only has jurisdiction over constitutional violations when the Constitution requires payment of monetary compensation. *See* 28 U.S.C. § 1491(a); *see also Mitchell*, 463 U.S. at 216 ("Not every claim invoking the Constitution . . . is cognizable under the Tucker Act. The claim must be one for money damages against the United States."); *Jan's Helicopter Serv.*, 525 F.3d at 1308 (quoting *Greenlee Cty*, 487 F.3d at 876). The Due Process Clause of the Fifth Amendment, though, is not money-mandating and therefore does not implicate this court's jurisdiction. *See Crocker v. United States*, 125 F.3d 1475, 1476 (Fed. Cir. 1997).

Third, Mr. Elliott's claims are time barred. Claims accrue "as soon as all events have occurred that are necessary to enable the plaintiff to bring suit, *i.e.*, when 'all events have occurred to fix the [g]overnment's alleged liability, entitling the claimant to demand payment and sue here for his money.'" *Martinez v. United States*, 333 F.3d 1295, 1303 (Fed. Cir. 2003) (*en banc*) (quoting *Nager Elec. Co. v. United States*, 368 F.2d 847, 851 (Ct. Cl. 1966)) (other citations omitted). Here, the conduct giving rise to Mr. Elliott's claims occurred in 1999 and 2000. Thus, Mr. Elliott would have needed to file his complaint by 2006, at the very latest. As Mr. Elliott initiated this suit much later than 2006, the applicable statute of limitations, 28 U.S.C. § 2501, bars the court from hearing his claims.

Finally, even if Mr. Elliott's claims were not time barred, the government is correct that this court lacks jurisdiction to review his removal from the FDIC. *See Salinas v. United States*, 323 F.3d 1047, 1048 (Fed. Cir. 2003) ("[O]nly the Merit Systems Protection Board, and not the

---

[4] The Due Process Clause of the Fourteenth Amendment only applies to states and, regardless, is also not money-mandating. *See Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) (citing *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995)).

Court of Federal Claims, is authorized to review removals of federal employees.") (quoting *Read v. United States*, 254 F.3d 1064, 1066 (Fed. Cir. 2001)).

## CONCLUSION

For the reasons stated, the government's motion to dismiss Mr. Elliott's complaint is GRANTED. Mr. Elliott's complaint shall be DISMISSED without prejudice. The clerk shall enter judgment accordingly.

No costs.

It is so **ORDERED**.

_____
Charles F. Lettow
Senior Judge